Tbe opinion of tbe Court was delivered by
Whitser, J.
Tbe judgment of tbe Court in remanding tbis case for a new trial, will be rested on tbe single ground in wbicb there is entire unanimity, reserving for another occasion, when it may arise, some of tbe points drawn into controversy.
A running commentary on tbe different grounds is, however, due to tbe argument submitted on each side.
The instructions of the presiding Judge on tbe question of negligence, is approved by tbis Court. That interference with a slave wbicb creates liability on tbe part of a Railroad Company, as held in Sill vs. S. C. R. R. Co., 4 Rich. 154, is when “ wilful, officious, careless, or otherwise blameable, done with a knowledge or with just grounds for suspicion that it was contrary to tbe will of tbe owner.” To tbis rule has been added in tbis case if tbe slave was transported without tbe owner’s permission, and loss has resulted, negligence should be presumed. A proper security for tbis species of property, tbe high degree of caution indispensable on tbe part of tbe Company, in tbe proper observance of wbicb tbe means for adequate explanation of attendant circumstances, shifting tbis presumption, should always be at band, all combine to justify such a rule. Tbe onus was properly on tbe company. But whilst tbe onus is thus cast, and for tbe reasons wbicb influence, tbe rigor of tbe rule wbicb at tbe next step excludes tbe employees on tbe score of incompetency, is felt by tbe Court. Tbe ruling on circuit, it must be conceded, was in conformity with tbe case in 9 Rich. 342, Gas Light Company vs. City Council. It remains to be seen whether tbe Court on some other occasion will not modify tbe rule.
*403 The objection was not removed by tendering the bond of indemnity by a stranger, even though approved by the clerk.
A bond from the company of course would have been equivalent to a release, and would have removed the objection. In another class of cases where important testimony cannot be otherwise secured, it may be that such a rule should be adopted.
The diversity of opinion which exists in reference to the third ground, would deprive any judgment now rendered on the point involved, of any value to the profession. It is proper to add, that the views entertained by some members of the Court have had the effect to induce a more ready concurrence in the judgment which is announced on the last ground.
We are constrained to say, that the rate of compensation fixed by the jury, finds nothing in the evidence to sustain it. The views that should influence in such cases are sufficiently presented in the case of O'Neall & Chambers vs. S. C. R. R. Co., 9 Rich. 465. The value of the property in any supposable case of like kind, is the extreme measure of damages. There are considerations which distinguish this case from one in which a total loss of the property in question is clearly traced to the wrongful act complained of. This was at most a transportation scarcely out of the immediate neighborhood, from one depot to the next on the road, and each within the heart of the same jurisdiction. Apart from considerations bearing on the question of negligence, it is difficult to perceive how loss to the amount of the entire value could be regarded as resulting from this act — and with this assumption even, it is manifest there is no warrant in the evidence for the amount of the verdict. The slave was mentally an imbecile, physically a cripple, and morally a runaway, as to whom witnesses well hesitated to affix scarcely any market value.
The witnesses who spoke at all, seemed to have some *404 peculiar notion as to wbat might be her value to ibis plaintiff, although of comparatively little value to all others.
The verdict appears to us wild and capricious, and the motion for a new trial is granted.
O’Neall, Wardlaw, Glover and Motro, JJ., concurred.

Motion granted.